# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL NORIEGA,, <br><br> Plaintiff, <br><br> v. <br><br> VOLVO CARS OF NORTH AMERICA, INC., a corporation, and DOES 1 through 100, inclusive, <br><br> Defendant. | Case No.: 3:21-cv-01671-BEN-MSB <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** <br><br> **[ECF Nos. 5, 7]** |

## I. INTRODUCTION

Plaintiff RAFAEL NORIEGA ("Plaintiff") brings this action against Defendant VOLVO CARS OF NORTH AMERICA, INC., a corporation ("Defendant") pursuant to California's Song-Beverly Act, CAL. CIV. CODE § 1790 *et seq*. ECF No. 1. Before the Court are (1) Plaintiff's Motion to Remand, ECF No. 5, and (2) the parties' Joint Stipulation to Remand, ECF No. 7. After considering the papers submitted, supporting documentation, and applicable law, the Court **GRANTS** Plaintiff's Motion to Remand.

## II. BACKGROUND

### A. Statement of Facts

On or about February 2, 2019, Plaintiff leased a 2019 Volve XC90 vehicle, VIN: VIN: YV4A22PK4K1460953 (the "Vehicle") from Volve of San Diego in San Diego,

California. ECF No. 1-2 at 7,[1] ¶ 4. Since purchasing the Vehicle, Plaintiff alleges numerous issues have arisen that have substantially impaired the value of the Vehicle. *Id.* at 7-8, ¶ 11.

### B. Procedural History

On August 20, 2021, Plaintiff filed a lawsuit in the San Diego County Superior Court entitled: Rafael Noriega v. Volvo Cars of North America, Inc., Case No. 37-2021-00035800-CU-BC-CTL alleging causes of action relating to the lease of a 2019 Volvo XC90. *See* ECF No. 1-2 at 6-9.

On August 24, 2021, Plaintiff served Defendant. ECF No. 1-2 at 17.

On September 20, 2021, Defendant filed an Answer to the Complaint. ECF No. 1-2 at 20-28; *see also* ECF No. 3. Shortly after, on September 23, 2021, Defendant removed the case to federal court. ECF No. 1.

On October 25, 2021, Plaintiff filed a Motion to Remand, arguing that the amount in controversy is not satisfied because Defendant has only paid of fraction of the total lease payment. ECF No. 5 at 7. On November 2, 2021, Defendant filed a Joint Stipulation to Remand, pursuant to which Plaintiff acknowledged and agreed that the amount in controversy, including any damages Plaintiff seeks from Defendant—including interest, civil penalties, and attorney's fees and costs—does not exceed $75,000.00. ECF No. 7 at 2:5-8.

## III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Consequently, district courts are presumed to lack jurisdiction unless the Constitution or a statute expressly provides otherwise. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Generally, federal subject matter jurisdiction exists due to the presence of a federal question, *see* 28 U.S.C. § 1331, or complete diversity between the parties, *see* 28 U.S.C. § 1332.

---

[1] Unless otherwise indicated, all page number references are to the ECF-generated page number contained in the header of each ECF-filed document.

"Except as otherwise expressly provided by Act of Congress," where a plaintiff files in state court a civil action over which the district courts of the United States have original jurisdiction, the defendant may remove that case "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, removing a case does not deprive another party "of his right to move to remand the case." 28 U.S.C. § 1448. Courts strictly construe the removal statute against removal jurisdiction. *See, e.g.*, *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).

## IV.   DISCUSSION

Plaintiff moved to remand this case, and the motion was set to be heard on Monday, November 22, 2021, ECF No. 5, meaning Defendant's opposition was due on Monday, November 8, 2021. If an opposing party fails to file the papers in the manner required by the local rules, "that failure may constitute a consent to the granting of a motion or other request for ruling by the court." S.D. Cal. Civ. R. 7.1(f)(3)(c). Here, Defendant not only failed to oppose the motion but also affirmatively consents to the Court granting it given before its opposition was due, Defendant filed the Joint Stipulation. Pursuant to that stipulation, both parties agreed the amount in controversy in this case does not exceed $75,000.00 and consented to remand. Accordingly, the Court agrees remand of this case is appropriate.

## V.   CONCLUSION

For the above reasons, the Court **GRANTS** Plaintiff's Motion to Remand based on the parties' stipulation that the amount in controversy in this case does not exceed $75,000.00. The Clerk of the Court shall remand the case.

**IT IS SO ORDERED.**

DATED:   November 10, 2021

_____
HON. ROGER T. BENITEZ
United States District Judge